UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LINCOLN LATHAM, <br><br> Plaintiff, <br><br> v. <br><br> KELLEY CORREIRA, et al., <br><br> Defendants. | Civil Action No. 24-11804-MJJ |

**<u>ORDER</u>**

August 26, 2024

JOUN, D.J.

In this action, Lincoln Latham ("Mr. Latham), who is confined at the Old Colony Correctional Center and is representing himself, has filed a pleading concerning the calculation of his release date. [Doc. No. 1].

Although Mr. Latham has captioned his pleading as a civil complaint, in a federal court, challenges to the fact or duration of one's confinement by the government must be asserted in a petition for a writ of habeas corpus.[1] *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"). A party who is "in custody pursuant to the judgment of a State court" in violation of federal law may challenge the fact or duration of his confinement through a petition under 28 U.S.C. § 2254 ("§ 2254") for a writ of habeas corpus. 28 U.S.C. § 2254(a). A party seeking relief through a habeas petition must exhaust available state

---

[1] The filing fee for a habeas petition is $5.00. *See* 28 U.S.C. § 1914(a).

remedies—including state appellate remedies—prior to seeking habeas relief in a federal court. *See* 28 U.S.C. § 2254(b), (c).

Construing Mr. Latham's pleading in this action as a § 2254 habeas petition, the Court must deny him the requested relief.[2] Mr. Latham does not allege that he has exhausted his state court remedies with regard to his claim concerning the calculation of his release date, and there is no basis for the Court to believe that Mr. Latham is without any other remedy to challenge the duration of his confinement or to seek release other than by filing a habeas petition in a federal district court.[3]

Accordingly, the Court <u>DISMISSES</u> this action without prejudice.

SO ORDERED.

    /s/ Myong J. Joun
Myong J. Joun
United States District Judge

---

[2] Mr. Latham's pleading is subject to a preliminary screening. *See* Rule 4 of the Rules Governing Section 2254 Cases.

[3] Further, it appears from another action Mr. Latham commenced in this Court on August 19, 2024 that he has been released. *See Latham v. Ress*, C.A. No. 24-12137-FDS (D. Mass.). If so, this action is moot.